# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| In Re: | |
|---|---|
| **Jarred A. Sprague and Elizabeth J. Sprague**, | **Bankruptcy Case No. 12-41099-JDP** |
| **Debtors.** | |

## MEMORANDUM OF DECISION

**Appearances:**

    Paul Ross, Paul, Idaho, Attorney for the Debtors

    Alexandra O. Caval, Meridian, Idaho, Attorney for Chapter 13 Trustee

### *Introduction*

Chapter 13[1] Debtors Jarred Sprague and Elizabeth Sprague ("Debtors") filed a motion to enlarge the time to file a proof of claim on

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, and all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001 – 9037.

MEMORANDUM OF DECISION – 1

behalf of a creditor pursuant to Rules 3004 and 9006.  Dkt. No. 45.  The chapter 13 trustee, Kathleen McCallister ("Trustee"), objected to Debtors' motion.  Dkt. No. 47.  The Court held a hearing on Debtors' motion on November 4, 2013, at which it ordered the parties to files briefs.  They did so.  Dkt. Nos. 51 and 53.  This Memorandum of Decision represents the Court's findings of fact and conclusions of law, and disposes of Trustee's motion.[2]

*Facts*

Debtors filed a chapter 13 petition on August 2, 2012.  Dkt. No. 1.  The § 341(a) meeting was scheduled for and held on September 4, 2012.  Dkt. No. 20.  Debtors' proposed chapter 13 plan was confirmed on October 12, 2012.  Dkt. No. 31.

According to Debtors, in August 2013, Mrs. Sprague was contacted concerning a debt Debtors had not listed in their schedules.  The person who contacted her claimed the debt arose from an overdrawn bank

---

[2] Rules 9014; 7052.

MEMORANDUM OF DECISION – 2

account with U.S. Bank in May 2009.  Debtors' Motion, Dkt. No. 45 at ¶ 4.[3]

Mrs. Sprague insists that Debtors were unaware of any debt they owed to U.S. Bank until this contact.  *Id.* at ¶ 5.  Further, Debtors assert that the copy of the credit report which they consulted to complete their bankruptcy schedules did not reflect any debt owed to this creditor.  *Id.*  Debtors represent that their lack of knowledge of the debt was the reason it was omitted from the schedules they filed with their petition.  However, after learning of the debt, on August 28, 2013, Debtors filed an amended schedule F listing the creditor and debt in the amount of $1,519.68.  Dkt. No. 41.  A copy of the amended schedule listing the omitted creditor was served on the creditor and its representative.  Dkt. 43.

On September 10, 2013, Debtors filed the motion at issue seeking to enlarge the time for them to file a proof of claim on behalf of the creditor pursuant to Rules 3004 and 9006.  Dkt. No. 45.  This motion was served on the previously omitted creditor, all other creditors, and Trustee.  Dkt. No.

---

[3] The party that contacted Mrs. Sprague was a representative of National Law Group, presumably an assignee attempting to collect the debt owed to U.S. Bank.

MEMORANDUM OF DECISION – 3

46. In the motion, Debtors argue that, even though the deadline has passed, because the debt was previously unknown to them, the Court should enlarge the time for Debtors to file a proof of claim on behalf of the creditor, as allowed by Rule 3004, based upon their "excusable neglect."

Trustee objected to Debtors' motion. She argues in her brief that Debtors have not met the "excusable neglect" standard. Dkt. No. 51 at 1. Trustee contends that, based upon her analysis of the facts of this case, it would be inequitable to allow Debtors to file such a late proof of claim. She argues that to do so would significantly prejudice the unscheduled creditor, as well as Debtors' other unsecured creditors that filed timely proofs of claim. *Id.* at 6. In Trustee's view, Debtors' other unsecured creditors will be impaired because the amount to be paid to them under Debtors' plan will be reduced, and the omitted creditor's debt will be prejudiced because its debt will be discharged upon completion of Debtors' plan. *Id.*

In reply, Debtors insist they have shown excusable neglect and that the Court should grant their motion. Dkt. No. 53. Debtors further argue

MEMORANDUM OF DECISION – 4

that Trustee can make up any pro-rata amount due to the omitted creditor from future plan payment disbursements. Debtors also point out that no creditors have objected to their motion. *Id.* at 6.

Under these facts, the Court agrees with Debtors.

*Analysis and Disposition*

**I. Applicable Law**.

Under § 1328(a), upon completion of all payments under a confirmed plan, a debtor is entitled to a discharge of the "debts provided for by the plan ." In this context a plan "provides for" a debt if it "make[s] a provision for it, i.e. deal[s] with it." *Lawrence Tractor Co. v. Gregory (In re Gregory)*, 705 F.2d 1118, 1122 (9th Cir. 1983); *see also Rake v. Wade,* 508 U.S. 464, 473 (1993).

The debt in question here, the parties agree, constitutes a general, unsecured claim. Paragraph 7.2 of Debtors' confirmed plan provides: "General Unsecured Claims. Upon confirmation . . . the trustee will, from funds available after payment of priority and secured claims, pay pro-rata dividends to all creditors who have filed timely allowed unsecured

MEMORANDUM OF DECISION – 5

claims." Dkt. No. 3 at 6. Therefore, in order for this unscheduled debt to be "provided for" under Debtors' confirmed chapter 13 plan, the creditor must hold a "timely allowed unsecured claim."

Section 501 governs the filing of proofs of claim in a bankruptcy case. It is implemented by Rule 3002, which, in chapter 13 cases, establishes the time deadline for a creditor to file a proof of claim.[4] Under § 502(a), any proof of claim so filed is deemed allowed unless a party in interest objects to it. Of course, in this case, the creditor did not file a proof of claim, timely or otherwise.

Even so, under § 501(c), "[i]f a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim." The time limit for a debtor or a trustee to file a claim is set out in

---

[4] Rule 3002 provides in pertinent part,

(a) Necessity for Filing. An unsecured creditor . . . must file a proof of claim . . . except as provided in Rule[] . . . 3004 . . . (c) Time for Filing. In a . . . chapter 13 individual's debt adjustment case, a proof of claim is timely filed if it is filed not later than 90 days after the first date set for the meeting of creditors called under § 341(a) of the Code . . . .

MEMORANDUM OF DECISION – 6

Rule 3004:

> If a creditor does not timely file a proof of claim under Rule 3002(c) . . . the debtor or trustee may file a proof of claim within 30 days after the expiration of the time for filing claims prescribed by Rule 3002(c) . . . . The Clerk shall forthwith give notice of the filing to the creditor, the debtor and the trustee.

These claim filing deadlines must, however, be read in conjunction with Rule 9006(b)(1). That Rule allows the bankruptcy court, under some circumstances, to extend the filing deadlines:

> (b) Enlargement.
>
> (1) In General. Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.
>
> (2) Enlargement Not Permitted. The court may not enlarge the time for taking action under Rules 1007(d),

MEMORANDUM OF DECISION – 7

> 2003(a) and (d), 7052, 9023, and 9024.
>
> (3) Enlargement governed by other rules. The court may enlarge the time for taking action under Rules 1006(b)(2), 1017(e), 3002(c), 4003(b), 4004(a), 4007(c), 4008(a), 8002, and 9033, only to the extent and under the conditions stated in those rules . . . .

Rule 9006(b)(1).

As can be seen, under the Rule, the time for a debtor or a trustee to file a proof of claim on behalf of a creditor under § 501(c) may be enlarged by the bankruptcy court beyond the deadline established in Rule 3004 for "cause shown" when the "failure [of the debtor or a trustee] to act was a result of excusable neglect." The inquiry required to determine whether excusable neglect is present in a particular case is "an equitable one." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). All relevant circumstances should be considered by the bankruptcy court, including "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the

MEMORANDUM OF DECISION – 8

reasonable control of the movant, and whether the movant acted in good faith." *Id.* (citation omitted); *see also Zilog, Inc. v. Corning (In re Zilog, Inc.)*, 450 F.3d 996, 1006 (9th Cir. 2006); *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (en banc). The party requesting relief bears the burden of proving the existence of excusable neglect, and the bankruptcy court necessarily exercises discretion in deciding a motion for an extension of time. *In re Davis*, No. 11-40242-JDP, 2012 WL 1857018, at *2 (Bankr. D. Idaho May 22, 2012).

**II. Application of Law to Facts.**

Because Debtors did not list the creditor in their schedules, the creditor presumably did not receive notice of Debtors' bankruptcy filing from the Court in October 2012. As a result, the omitted creditor would be unaware of the commencement of the bankruptcy case, and would also be unaware of its obligation to file a proof of claim. Because the creditor did not file a timely proof of claim, the omitted creditor's claim would not have been "provided for," or in other words, "dealt with" by Debtors'

MEMORANDUM OF DECISION – 9

chapter 13 plan. As a result, the omitted creditor's claim would not be subject to discharge when Debtors complete their plan payments if Debtors are not given the opportunity to file a proof of claim on behalf of the omitted creditor. *Ellett v. Stanislaus*, 506 F.3d 774, 777 (9th Cir. 2007); *In re Reilly*, No. 07-40499-JDP, 2009 WL 507063, at *3 (Bankr. D. Idaho Jan. 9, 2009).

Trustee does not dispute that Debtors first learned of existence of the omitted creditor in August, 2013, when the creditor's representative contacted Mrs. Sprague. Armed with knowledge that the claim existed, Debtors promptly filed amended schedules, and the motion to enlarge the time to file a proof of claim on behalf of the creditor. Debtors were required to file the motion because the time limits for the creditor and for Debtors to do so had passed,[5] and as discussed above, unless they were

---

[5] Under Rule 3002(c), proofs of claim by non-governmental creditors were due in this case by December 3, 2012, the date that is 90 days after the first date set for the § 341(a) meeting. According to Rule 3004, if they chose to do so, Debtors or Trustee had 30 days from the expiration of time under Rule 3002(c), to file a proof of claim on behalf of the creditor. That time expired on January 2, 2013.

MEMORANDUM OF DECISION – 10

able to file a timely claim for the omitted creditor, the claim would not be discharged when they completed their plan payments. *Ellett*, 506 F.3d at 777. Thus, the issue presented is whether Debtors have shown the sort of excusable neglect envisioned under Rules 3004 and 9006(b)(1), such that the Court could, in the exercise of its discretion, enlarge the time for them to file a claim for the creditor.

Debtors assert their failure to include the omitted creditor was due to the fact that Debtors were unaware of the existence of any claim by this creditor at the time they completed and filed their schedules. Mrs. Sprague insists that Debtors did not become aware of the creditor's claim, which arose in 2009, until she was contacted by the creditor's representative in August 2013. Additionally, Debtors point out that they relied upon their credit report as a guide in completing their schedules, and that this particular creditor was not listed on the report they used.

As instructed by the Supreme Court, the Court must consider all the relevant circumstances in making the equitable determination of whether

MEMORANDUM OF DECISION – 11

the excusable neglect standard is met under the above facts, including (1) prejudice to the non-moving party; (2) the length of, and reason for, the delay and whether it was within the reasonable control of the movant; and (3) whether the movant acted in good faith. *Pioneer Inv. Servs. Co.*, 507 U.S. at 395. Considering these factors, the Court is persuaded that Debtors' neglect in failing to list the creditor in their schedules should be excused, and the deadline for them to file a claim for the omitted creditor enlarged.

     First, in the Court's opinion, the prejudice to the non-moving parties flowing from an enlargement of the time for Debtors to file a claim for this creditor is minimal, and thus this factor weighs in Debtors' favor. The omitted creditor is apparently owed approximately $1,500. Because unsecured claims will not be paid in full under the plan, and given the total amount of allowed claim, permitting Debtors to file the claim for the creditor to share in the future distributions by Trustee under the plan negatively impacts the other unsecured creditors, but not significantly. That this is so is perhaps best evidenced by the absence of an objection to

MEMORANDUM OF DECISION – 12

Debtors' motion from any of those creditors.[6]

It is also difficult to discern how the omitted creditor will be harmed by allowing Debtors to file a claim on its behalf. Had its claim been known to Debtors, presumably the creditor would have filed a timely claim, and received its share of distributions. As things now stand, it will receive modest distributions from Trustee going forward, and that is a benefit, not a detriment. While it is true that the creditor's claim will be discharged upon Debtors' completion of plan payments, there is little in the record to suggest that the absence of a discharge in this case will mean that the omitted creditor's claim would otherwise have been paid.[7] And, again,

---

[6] Trustee does not argue that she is prejudiced by enlargement of the deadline. The Court presumes the burden on Trustee in coping with and paying the omitted claim when filed, is not substantial, given that Debtors are required to make several more payments under their plan.

[7] Although Trustee's brief primarily focused on whether the excusable neglect standard was met in this case, she noted that because chapter 13's discharge provision, § 1328(a)(2), incorporates § 523(a)(3)(A), the omitted creditor's debt will be excepted from discharge under these facts. Trustee cites *In re Schuster*, 428 B.R. 833 (Bankr. E.D. Wis. 2010) in support of this conclusion. The Court disagrees with Trustee's conclusion and doubts *In re Schuster*, which involved different facts, stands for such proposition. Section 523(a)(3)(A) excepts from discharge a debt that was "neither listed nor scheduled under section

MEMORANDUM OF DECISION – 13

the Court notes that there was no objection filed by the omitted creditor to Debtors' motion.

Next, the length of the delay by Debtors in filing a claim for the creditor in this case is considerable, but understandable under the facts. The omitted creditor did not contact Debtors until August 2013 for a debt owed from 2009, and upon learning of this omission, Debtors promptly moved to include the creditor under the confirmed plan after filing an amended schedule F. Debtors assert without contradiction by Trustee that this debt was previously unknown to them, and point out that they acted reasonably in consulting their credit report to determine their liabilities when filing out their schedules. On these facts, the Court would find that the delay in filing a claim was outside of the control of Debtors.

Finally, the Court has no basis to question the good faith of Debtors

---

521(a)(1) of this title . . . in time to permit . . . (A) . . . timely filing of a proof of claim . . . ." Here, the Court has ruled that, as authorized by § 501(c), and Rules 3004 and 9006(b)(1), the time for filing a claim by Debtors should be enlarged, thus rendering the omitted creditor's proof of claim a timely one. While the discharge issue is not before the Court, it is doubtful that § 1328(a)(2) and § 523(a)(3)(A) compel a contrary result.

MEMORANDUM OF DECISION – 14

in failing to initially list the creditor in their schedules, or in filing the pending motion.  Trustee has also not questioned Debtors' good faith.  *See* Dkt. No. 51 at 7.

In sum, Debtors have shown good cause and have met the excusable neglect standard of Rule 9006(b)(1).  Therefore, the Court will grant Debtors' motion to enlarge time to file a proof of claim on behalf of the omitted creditor pursuant to Rules 3004 and 9006(b)(1).  Debtors may file a timely proof of claim on behalf of the omitted creditor.  *See In re Zilog, Inc.*, 450 F.3d at 1007 (finding the bankruptcy court abused its discretion in failing to find excusable neglect of unrepresented employees of a chapter 11 debtor, who failed to file a proof of claim under Rule 3003, and stating "[w]e remand to the bankruptcy court to permit the [employees] to file their pre-petition claims in the bankruptcy proceedings as timely.").

### *Conclusion*

Debtors' motion to enlarge the time to file a proof of claim on behalf of a creditor, Dkt. No. 45, will be granted in a separate order.

MEMORANDUM OF DECISION – 15

Dated: December 18, 2013

Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION – 16